UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>GREGGORY J. TAHMISIAN,<br><br>        Debtor. | Case No. 23-00002-BPH |
| GREGG TAHMISIAN, an individual, and SOLID STATE OPERATIONS, INC., an Idaho corporation,<br><br>        Plaintiffs,<br>v.<br><br>NETACENT, INC., an Idaho corporation; ISAAC BARRETT, an individual; QUINN WATT, an individual; JORDAN BARRETT, an individual; and JOHN MCALLISTER, an individual,<br><br>        Defendants. | Adversary No. 23-06018-BPH<br><br>Chapter 11<br>(Subchapter V) |
| NETACENT, INC.,<br><br>        Counterclaimant,<br>v.<br><br>GREGG TAHMISIAN and SOLID STATE OPERATIONS, INC.<br><br>        Counter-defendants. | |

**MEMORANDUM OF DECISION**

MEMORANDUM OF DECISION – 1

A. INTRODUCTION

On October 4, 2023, Debtor and Counter-Defendant Gregg Tahmisian ("Tahmisian") filed an amended complaint in this adversary proceeding. Doc. No. 34. In all, he asserted nineteen separate claims, none of which alleged shareholder oppression or sought punitive damages. However, paragraph 278 of the amended complaint states, "Tahmisian specifically reserves the right to seek leave of the Court to amend his prayer to include a count for punitive damages against Defendants pursuant to I.C. [sic] § 6-1604(2)."

The Court conducted a nearly 16-day trial spanning two-and-a-half months, concluding on September 27, 2024. On October 15, 2024, after the close of trial, Tahmisian filed a motion to conform the pleadings to the evidence pursuant to Rule 7015[1] and Idaho Code § 6-1604 along with a brief in support of the motion. Doc. Nos. 285–86. The Court thereafter issued an order establishing deadlines for filing objections to the motion as well as Tahmisian's reply brief, if any. Doc. No. 287. On November 5, 2024, individual defendants Isaac Barrett, Jordan Barrett and Quinn Watt (together "Individual Netacent Defendants") filed a brief opposing the motion. Doc. No. 289. Tahmisian filed a reply brief on November 13, 2024. Doc. No. 308.

The motion has been fully briefed and the Court has determined a hearing is unnecessary. This decision resolves the motion.

B. ANALYSIS

By this motion, Tahmisian seeks to amend Claim 14 to include the issue of shareholder oppression against the Individual Netacent Defendants pursuant to Idaho Code § 30-29-

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION – 2

1430(a)(2)(ii), and secondly, to include a claim for punitive damages pursuant to Idaho Code § 6-1604.  The Court will consider each in turn.

### 1.  Claim 14 Shareholder Oppression

As it currently stands, Claim 14 only applies to Isaac Barrett.  It alleges:

> Isaac Barrett had a fiduciary duty as a director of Netacent to Tahmisian as a co-director and shareholder of Netacent. Barrett breached his fiduciary duty to Tahmisian, inter alia, by failing to acknowledge Tahmisian's equity position in Netacent, by purporting to conduct Netacent board meetings and other business without notice to or participation by Tahmisian, by purporting to issue shares to himself and others without notice to or participation by Tahmisian, by asserting claims against Tahmisian on behalf of Netacent, by causing Netacent to hijack the website and for other wrongful conduct. As a result of Barrett's breach of fiduciary duty, Tahmisian was damaged in an amount exceeding $75,000.00.

Doc. No. 34 at ¶¶ 242–45 (internal paragraph numbers omitted).  By other claims in his amended complaint, Tahmisian contends that because he owns 5,200 of 10,000 total shares, he therefore owns 52% of Netacent, Inc.

Just prior to trial, Tahmisian informed the Court that he learned Netacent's board of directors voted to increase the total shares to 100,000.  Tahmisian contends he was not informed of the intent to amend the Bylaws and increase the total shares, despite being a shareholder.  He further contends he was neither given notice of his appraisal rights in accordance with Idaho Code § 30-29-1320, nor did the Individual Netacent Defendants issue an appraisal notice pursuant to Idaho Code § 30-29-1322.  Additionally, he contends this action was taken by the Individual Netacent Defendants at the time when his ownership of Netacent, Inc. was the subject of a state court lawsuit and when Netacent was taking actions in Georgia and Alabama that harmed him.  He alleges the Individual Netacent Defendants concealed the creation of the additional shares from both Tahmisian and the Court.

MEMORANDUM OF DECISION – 3

During trial, Tahmisian contends the facts surrounding the Individual Netacent Defendants' attempts to "squeeze" him out, which he now recharacterizes as "shareholder suppression," were fully tried by the express or implied consent of the parties.  Moreover, Tahmisian contends the Individual Netacent Defendants cannot argue they would be prejudiced by the inclusion of this claim because they withheld information about the increase in the number of shares until three weeks before trial.  The Court disagrees.

Tahmisian filed the instant motion under Civil Rule 15, made applicable in bankruptcy proceedings pursuant to Rule 7015.  That rule provides that pleadings may be amended under certain circumstances.  The portion of the rule pertaining to amendment during and after trial provides as follows:

> (1) *Based on an Objection at Trial.* If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.
>
> (2) *For Issues Tried by Consent.* When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move–at any time, even after judgment–to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Civil Rule 15(b) (emphasis in original).

"Federal Rule of Civil Procedure 15(b) embodies a liberal policy in favor of allowing pleading amendments at any time during and even after trial." *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 804 (9th Cir. 2017) (quoting *Consol. Data Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 396 (9th Cir. 1983)).  Indeed, under Rule 15, "leave to amend 'should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.'"  *Madeja v. Olympic Packers, LLC*, 310

MEMORANDUM OF DECISION – 4

F.3d 628, 636 (9th Cir. 2002) (quoting *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).  The party opposing amendment bears the burden of showing prejudice as to the late amendment's effect on the opposing party's ability to respond and its conduct of the case.  *Jeong v. Minnesota Mut. Life Ins. Co.*, 46 F. App'x 448, 450 (9th Cir. 2002) (citing *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987)).

"While it is true that a party's failure to object to evidence regarding an unpleaded issue may be evidence of implied consent to a trial of the issue, it must appear that the party understood the evidence was introduced to prove the unpleaded issue." *Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1151 (9th Cir. 2007) (quoting *Patelco Credit Union v. Sahni*, 262 F.3d 897, 907 (9th Cir. 2001) (internal quotation marks omitted)); *see also Consol. Data Terminals v. Applied Digital Data Sys., Inc.,* 708 F.2d 385, 396 (9th Cir.1983) ("An adverse party cannot be expected to object to the introduction of evidence that is only tangentially related to the issues actually pleaded prior to trial unless the party has notice that the evidence is being introduced as proof on some other unpleaded issue.").  Tahmisian cannot demonstrate that the Individual Netacent Defendants understood shareholder suppression was at issue, thus the Court finds the issue was not tried by implied consent.

Furthermore, the Court concludes the Individual Netacent Defendants have demonstrated prejudice sufficient for denial of Tahmisian's motion.  They correctly point out that while the term "squeeze out" was used during trial, it had never been equated or associated with shareholder oppression or the rights to an appraisal and notice of those rights if certain corporate actions are taken.  *See* Idaho Code §§ 30-29-1302, 1320 & 1322.  Adding this claim to the existing Claim 14 would wholly prejudice all Netacent Defendants, who had no notice of such a claim nor ability to defend against it prior to the closure of the evidentiary record at trial.

MEMORANDUM OF DECISION – 5

Tahmisian's allegations of unclean hands on the part of the Individual Netacent Defendants, if true, would not warrant overlooking the prejudice they would suffer if this very late amendment were permitted.  Accordingly, the Court in its discretion declines Tahmisian's invitation to introduce this new claim at this late date.

  2.  <u>Punitive Damages</u>

  Turning now to the issue of punitive damages, it is apparent Tahmisian relies on the reservation of the right to add a claim for punitive damages in his amended complaint, and the fact that such damages are intended to deter damaging conduct, as the basis for his motion.  This is insufficient.

  Claims for punitive damages are substantive and Idaho law therefore controls in federal cases.  *Roost Project, LLC v. Andersen Constr. Co*., No. 1:18-CV-00238-CWD, 2020 WL 3895757, at *2 (D. Idaho July 10, 2020) (citing *Windsor v. Guarantee Trust Life Ins. Co.*, 684 F. Supp. 630, 633 (D. Idaho 1988); *Strong v. Unumprovident Corp.*, 393 F. Supp. 2d 1012, 1025 (D. Idaho 2005)).

  Idaho Code § 6-1604 provides that a party who wishes to pursue a claim for punitive damages must file a pretrial motion and seek the Court's permission to amend the complaint to add such a claim.  The statute is written in unambiguous text: "In *all* civil actions in which punitive damages are permitted, no claim for damages shall be filed containing a prayer for relief seeking punitive damages.  However, a party may, *pursuant to a pretrial motion* and after hearing before the court, amend the pleadings to include a prayer for relief seeking punitive damages." (emphasis added).

  Despite the clear language of the statute, the law in this jurisdiction is somewhat unsettled in terms of whether a *pretrial* motion must be made to add a claim for punitive

MEMORANDUM OF DECISION – 6

damages, or whether such a motion can be made during or even after trial. On one hand, confronted during trial with a renewed motion to amend the complaint to add a punitive damage claim, a district court noted that Idaho Code § 6-1604 governs claims for punitive damages under Idaho law, and "prohibits inclusion of any claim for punitive damages except as provided within the statute." *Adams v. United States*, No. CIV. 03-0049-E-BLW, 2009 WL 1833600, at *1 (D. Idaho June 25, 2009). Considering Idaho Code § 6-1604, the court stated, "this statute expressly provides for a *pretrial* mechanism to seek the amendment that would allow a claim for punitive damages to be presented at trial" and the court "does not believe the statute provides an additional 'during trial' mechanism to renew the request, and finds that creating one without the express consent of the legislature may violate the intent of the statute." *Id.* (emphasis in original).

On the other hand, several decisions in this district have recognized that a plaintiff may move to submit a claim for punitive damages to the jury during trial following the presentation of evidence, although most of these cases featured an earlier motion to add a punitive damage claim which was denied without prejudice. *See Layton v. Eagle Rock Timber, Inc.*, Case No. 4:17-CV-00259-DCN, 2019 WL 1560876, at * 8 (D. Idaho April 9, 2019) ("Under Idaho Code section 6-1604(2) a claim for punitive damages cannot be included in a complaint, but can only be added via motion—either during the course of litigation or at trial."); *Cusack v. Bendpak, Inc.*, Case No. 4:17-CV-00003-DCN, 2018 WL 1768030, at *7 (D. Idaho Apr. 12, 2018) (denying without prejudice a pretrial motion to amend to add punitive damages but allowing plaintiff leave to renew the motion to amend following evidence submitted at trial if appropriate); *Murray v. City of Bonners Ferry*, Case No. 2:15-CV-00081-REB, 2017 WL 4318738, at *18 (D. Idaho Sept. 28,

MEMORANDUM OF DECISION – 7

2017) (denying plaintiff's pretrial motion to add a claim for punitive damages without prejudice and allowing plaintiff to request amendment following evidence submitted at trial if appropriate).

This Court need not decide whether Idaho Code § 6-1604 strictly prohibits Tahmisian's tardy motion, as his motion fails under either analysis. Here, Tahmisian's complaint "reserves" the right to add a punitive damage claim, but such reservation is insufficient to satisfy Idaho Code § 6-1604. No *pretrial* motion was made to assert a punitive damage claim, so if such a pretrial motion is absolutely required, the instant motion to conform the pleadings after trial does not satisfy the statute. On the other hand, if a pretrial motion is not required, then at trial, an award of punitive damages is permissible where the party proves, "by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted." *Roost Project, LLC*, 2020 WL 3895757, at *3; Idaho Code § 6-1604(1).

The difficulty in this case lies with the events at trial. The evidentiary record is now closed, yet Tahmisian seeks to belatedly add a punitive damage claim which he never before raised and for which the Netacent parties have had no opportunity to defend. More to the point, during trial, Tahmisian attempted, on more than one occasion, to introduce evidence of punitive damages which drew an objection from the defendants. In each instance, the Court sustained the objection, noting there was no punitive damage claim alleged.

Whether to submit the issue of punitive damages for decision is in this court's discretion. *Murray v. City of Bonners Ferry*, No. 2:15-CV-00081-REB, 2017 WL 4318738, at *3 (D. Idaho Sept. 28, 2017) (citing *Manning v. Twin Falls Clinic & Hosp., Inc.*, 830 P.2d 1185, 1190 (Idaho 1992)). As a matter of substantive law, it is well established in Idaho that punitive damages are not favored and should be awarded only in the most unusual and compelling circumstances and

MEMORANDUM OF DECISION – 8

are to be awarded cautiously and within narrow limits. *Roost Project, LLC,* 2020 WL 3895757 at *3; *see also Manning,* 830 P.2d at 1185; *Jones v. Panhandle Distribs., Inc.*, 792 P.2d 315 (Idaho 1990). The Court will not exercise its discretion to permit the inclusion of a punitive damage claim in this case.

Finally, even if the proper analysis were under Civil Rule 15[2], it is abundantly clear the issue of punitive damages was not tried by either express or implied consent. The case law instructs that this Court may not find an implicit consent where the evidence that supports punitive damages is also relevant to other claims that were plead and are clearly at issue during trial. *Kayser v. McClary*, No. CV 10-00119-REB, 2011 WL 13227765, at *4 (D. Idaho Oct. 12, 2011). Rather, the Netacent parties must have been put on notice that the evidence was being presented *also* in support of punitive damages. *Id.* (citing *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 995-96 (9th Cir. 2009); 6A Wright, Miller & Kane, Federal Practice and Procedure § 1491 ("An amendment will be allowed only if the parties have received actual notice of an unpleaded issue and have been given an adequate opportunity to cure any surprise that might result from the change in the pleadings.")). Given that the Court sustained the Netacent parties' objections on the grounds that no punitive damage claim was at issue in the trial, the Court will not find that the issue of punitive damages was tried by implied consent.

For these reasons, the Court will deny Tahmisian's motion to conform the pleadings to add a punitive damage claim.

---

[2] The case law in this jurisdiction is clear that Idaho Code § 6-1604 is substantive and therefore, it, and not Civil Rule 15, is the applicable standard for resolving a motion to amend to add punitive damages. *Roost Project, LLC,* 2020 WL 3895757, at *2 (citing *Hathaway v. Idaho Pacific Corp.*, Case No. 4:15-CV-00086-DCN, 2019 WL 4891044, at *2 (D. Idaho Oct. 3, 2019); *Estate of Kane v. Epley's Inc.*, Case No. 3:15-CV-00105-EJL-REB, 2017 WL 1158242, at *3 (D. Idaho March 28, 2017) (same)).

MEMORANDUM OF DECISION – 9

C.  CONCLUSION

The Court finds no grounds to grant Tahmisian's motion to conform the pleadings to the evidence presented at trial, and therefore the shareholder suppression and punitive damage claims will not be added.  A separate order will be entered.

DATED: November 19, 2024



HON. BENJAMIN P. HURSH
U. S. BANKRUPTCY JUDGE
SITTING BY DESIGNATION
U.S. COURTS, DISTRICT OF IDAHO